UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ROZELL JONES, | Case No. 25-cv-125 (LMP/ECW) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |
| HENNEPIN COUNTY FOURTH JUDICIAL DISTRICT COURT, *Family Division*; CLOTINE RAE RAMOS; PATRICK ROBBEN, *Hennepin County District Court Family Judge*; and NELSON LODIN PERALTA, *Hennepin County District Court Family Judge*, | |
| Defendants. | |

On March 20, 2025, this Court dismissed Plaintiff Mark Rozell Jones's ("Jones") complaint against Defendants. ECF No. 4. Jones appealed the Court's dismissal order. ECF No. 6. On May 29, 2025, the U.S. Court of Appeals for the Eighth Circuit affirmed this Court's dismissal order. ECF No. 11. Two weeks later, Jones filed a motion in this Court requesting relief from the judgment under Federal Rule of Civil Procedure 60(b). ECF No. 12.

Rule 60(b) enumerates specific circumstances under which a party in a civil case may receive relief from final judgment. Fed. R. Civ. P. 60(b). The reasons include mistake, excusable neglect, fraud, and a void judgment, among others. *Id.* Rule 60(b) concludes with a catchall provision which provides that a court may lift judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) "provides for extraordinary

relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation omitted). Consequently, Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The bulk of Jones's Rule 60(b) motion largely repeats the allegations and arguments that Jones made in his complaint. *See* ECF No. 12 at 2–4. In dismissing Jones's complaint, the Court carefully considered those allegations and found them deficient, a decision that the Eighth Circuit has now affirmed. ECF Nos. 4, 11. Jones's attempt to reargue the merits of the Court's dismissal order does not warrant extraordinary Rule 60(b) relief. *See Broadway*, 193 F.3d at 990.

The only somewhat "new" argument that Jones presents is that the dismissal provision of 28 U.S.C. § 1915(e)(2) only applies to prisoners, and not to all persons proceeding in forma pauperis. ECF No. 12 at 3. The Eighth Circuit has held otherwise. *See Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding [in forma pauperis] and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In sum, Jones has not demonstrated the requisite "extraordinary circumstances" to receive relief under Rule 60(b), so his motion must be denied. *Harley*, 413 F.3d at 870. As a final housekeeping matter, Jones seeks permission from this Court to proceed on appeal in forma pauperis. ECF No. 9 ("IFP Application"). Because the Eighth Circuit has now resolved Jones's appeal, the Court denies the IFP Application as moot.

2

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jones's Motion for Relief from Judgment or Order (ECF No. 12) is **DENIED**.

2. Jones's IFP Application (ECF No. 9) is **DENIED as moot**.

Dated: July 10, 2025               *s/Laura M. Provinzino*
                                   Laura M. Provinzino
                                   United States District Judge